THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-432-FL

| | |
|---|---|
| BRENDA R. ALEXANDER, ) | |
| ) | |
| Plaintiff/Claimant, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). Claimant Brenda R. Alexander ("Claimant") filed this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) seeking judicial review of the denial of her applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments. The time for filing responsive briefs has expired and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, this court recommends granting Claimant's Motion for Judgment on the Pleadings, denying Defendant's Motion for Judgment on the Pleadings and remanding the case to the Commissioner for further proceedings consistent with the Memorandum and Recommendation.

## STATEMENT OF THE CASE

Claimant protectively filed an application for a period of disability, DIB and SSI on 30 October 2007, alleging disability beginning 19 October 2007. (R. 9, 127). Both claims were denied initially and upon reconsideration. (R. 9, 61, 69, 77). A hearing before the Administrative Law Judge ("ALJ") was held on 28 January 2009, at which Claimant was represented by counsel and a

vocational expert ("VE") appeared and testified. (R. 18-55). On 13 March 2009, the ALJ issued a decision denying Claimant's request for benefits. (R. 6-17). Claimant then requested a review of the ALJ's decision by the Appeals Council, and submitted additional evidence as part of her request (R. 5, 167). After reviewing and incorporating the additional evidence into the record, the Appeals Council denied Claimant's request for review on 28 July 2009. (R. 1-5). Claimant then filed a complaint in this court seeking review of the now final administrative decision.

## **STANDARD OF REVIEW**

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). Rather, in conducting the "substantial evidence" inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and

rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

## DISABILITY EVALUATION PROCESS

The disability determination is based on a five-step sequential evaluation process as set forth in 20 C.F.R. §§ 404.1520, 416.920 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity," *i.e.*, currently working; and (2) must have a "severe" impairment that (3) meets or exceeds [in severity] the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform . . . past work or (5) any other work.

*Albright v. Comm'r of the SSA*, 174 F.3d 473, 474 n.2 (4th Cir. 1999). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Id.* At the fifth step, the burden shifts to the ALJ to show that other work exists in the national economy which the claimant can perform. *Id.*

In this case, Claimant first alleges the following errors by the Appeals Council: (1) failure to make a specific finding regarding new and material evidence, and (2) failure to give proper weight to a treating physician's medical opinion. Pl.'s Mem. Supp. Pl.'s Mot. J. Pleadings at 1-2. ("Pl.'s Mem."). Claimant also alleges the following errors by the ALJ: (1) failure to acknowledge and explain the weight accorded to Medicaid's determination of disability in accordance with Social Security Ruling ("S.S.R.") 06-3p; (2) improper assessment of Claimant's residual functional capacity ("RFC"); (3) failure to pose a hypothetical question to the VE which adequately reflected Claimant's RFC; and (4) failure to identify Claimant's acquired work skills and the specific jobs to which they transfer. *Id.*

3

## FACTUAL HISTORY

### I. ALJ's Findings

Applying the above-described sequential evaluation process, the ALJ found Claimant "not disabled" as defined in the Act. At step one, the ALJ found Claimant was no longer engaged in substantial gainful employment. (R. 11). Next, the ALJ determined Claimant had the following severe impairments: history of left patella fracture, scoliosis, lumbar degenerative disc disease, right carpal tunnel syndrome and left foot stress fracture. *Id.* However, at step three, the ALJ concluded these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 12).

Prior to proceeding to step four, the ALJ assessed Claimant's RFC, finding Claimant had the ability to perform sedentary work[1] but is limited to tasks requiring frequent fingering, handling, stooping and crouching and no kneeling, crawling, balancing or climbing or working at heights. (R. 12). In making this assessment, the ALJ found Claimant's statements about her limitations not fully credible. (R. 14). At step four, the ALJ concluded Claimant did not have the RFC to perform the requirements of her past relevant work. (R. 15). Nonetheless, at step five, upon considering Claimant's age, education, work experience and RFC, the ALJ determined Claimant is capable of

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a), 416.967(a); Soc. Sec. Ruling ("S.S.R.") 96-9p, 1996 SSR LEXIS 6, at *8, 1996 WL 374185, at *3. "Occasionally" generally totals no more than about 2 hours of an 8-hour workday. "Sitting" generally totals about 6 hours of an 8-hour workday. S.S.R. 96-9p, 1996 SSR LEXIS 6, at *8-9, 1996 WL 374185, at *3. A full range of sedentary work includes all or substantially all of the approximately 200 unskilled sedentary occupations administratively noticed in 20 C.F.R. § 404, Subpt. P, App. 2, Table 1. *Id.*

4

adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. (R. 16).

## II. Claimant's Testimony at the Administrative Hearing

At the time of Claimant's administrative hearing, Claimant was forty-eight years old and unemployed. (R. 23-24). Claimant is a high school graduate. (R. 25). Claimant was last employed as a paraprofessional, where her duties included chauffeuring mentally and physically handicapped clients to various engagements, such as medical appointments, and performing household chores on their behalf. (R. 26, 46). Claimant's past work experience also includes working as a residential counselor, bookkeeper, teacher's assistant and legal secretary. (R. 27).

Claimant testified about numerous medical conditions, including back pain, left knee pain, arthritis, carpal tunnel syndrome, acid reflux and stress, that support her disability claim and her inability to work full-time. (R. 32, 34-36). Claimant testified that severe back pain prevents her from walking for long periods of time. (R. 30, 38). Since fracturing her kneecap, Claimant suffers from arthritis and poor balance. (R. 33-34). Claimant's right arm experiences numbness and shaking on occasion and she often drops items. (R. 35). Claimant testified that she has been hospitalized on several occasions for acid reflux which is presently under control with medication. (R. 35-36). Claimant testified her problems with stress were recent and that she had not received any mental health treatment. (R. 36-37).

Claimant testified that she can only walk half a block before needing to stop and rest and requires the assistance of a cane. (R. 38). Claimant testified that she cannot sit for long periods of time due to pain and muscle spasms. (R. 39). Claimant lays down most of the day using a pillow to support her lower back. (R. 39). Claimant testified that she cannot bend repeatedly during the

5

course of the day and cannot lift more than five pounds. (R. 40). Claimant limits her driving to one or two times per week due to pain and the side effects of her medication, including drowsiness. (R. 41). Claimant needs assistance with completing many household chores. (R. 42).

### III. Vocational Expert's Testimony at the Administrative Hearing

Ann Newlight testified as a VE at the administrative hearing. (R. 46-54). After the VE's testimony regarding Claimant's past work experience (R. 46-48), the ALJ posed the following hypothetical:

> Assum[e] an individual age 48 with a high school education, past relevant work as [a mental retardation aide, library assistant, secretary bookkeeper and teacher aide] but not including a legal secretary job . . . the exertional capacity for sedentary work . . . with non-exertional limitations including no more than frequent fingering and handling[, n]o more than frequent stooping [and] crouching[, n]o kneeling or crawling[, a]nd no balancing or climbing or working at heights.

(R. 48-49). The VE testified that based on the above criteria, Claimant was not capable of performing any of her past relevant work but could perform other positions using transferable skills. (R. 49). In particular, the VE testified Claimant could perform the following sedentary positions and provided DOT classification citations along with the number of jobs available in the local and national economies: (1) receptionist - DOT #237.367-038 (1,000 locally, 100,000 nationally); (2) hospital admitting clerk - DOT #205.362-018 (1,000 locally, 100,000 nationally). (R. 49-50). The VE testified further that Claimant could perform work as a food checker (DOT 211.482-014; 500 locally; 50,000 nationally) and that transferable skills would not be necessary since food checker is an unskilled position. (R. 49-50). While food checker is classified by the DOT as having a specific vocational preparation ("SVP") time of 3, the VE testified it would take no more than thirty days to learn its job requirements. (R. 50). The VE testified that her testimony was consistent with the DOT with the exception of the food checker SVP. *Id.* The VE noted no sedentary positions

6

would be available if the hypothetical individual needed to lie down two or more hours during the workday. *Id.* On cross-examination by Claimant's counsel, the VE testified all three jobs would offer a sit or stand option, however, no job would be available if the hypothetical individual was limited to only occasional reaching and handling. (R. 52-53).

## DISCUSSION

### I. The additional evidence submitted to the Appeals Council is not material.

Claimant contends the Appeals Council made reversible error when it incorporated new evidence into the record but failed to make specific findings as to that evidence. Pl.'s Mem. at 15. In particular, Claimant faults the Appeals Council for failing to provide a particularized assessment of a form opinion dated 11 December 2008 completed by Dennis Myers, D.C. (R. 167). Claimant contends further that the Appeals Council erred in not according Dr. Myers' opinion controlling weight.

As an initial matter, Claimant's application of the "treating physician" rule[2] to Dr. Myers' opinion is misplaced. An ALJ must generally accord greater weight to the opinion of a treating source because "it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983); 20 C.F.R. § 404.1527(d)(2), 416.927(d)(2) (explaining more weight is generally given to opinions from treating sources since they are often most able to provide "a detailed, longitudinal picture" of

---

[2] "[A]ccording to the regulations promulgated by the Commissioner, a treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (citing 20 C.F.R § 416.927).

a claimant's alleged disability). However, "a 'treating source' can only be an 'acceptable medical source,' and a chiropractor, by regulation, is not an acceptable medical source." *Nickelson v. Astrue*, No.1:07CV00783, 2009 U.S. Dist. LEXIS 67355, at *26, 2009 WL 2243626, at *8 (M.D.N.C. July 27, 2009) (internal citations omitted); 20 C.F.R. §§ 404.1502, 416.902 (explaining "acceptable medical source" includes treating, nontreating and nonexamining sources and defining "treating source" as a claimant's "physician, psychologist, or other acceptable medical source"); 20 C.F.R. §§ 404.1513(a), 416.913(a) (defining "acceptable medical source" as licensed physicians, psychologists, optometrists, podiatrists and qualified speech-language pathologists). Rather, a chiropractor is classified as an "other source," 20 C.F.R. §§ 404.1513(d)(3), 416.913(d)(3), "whose opinion is not entitled to special deference or weight." *Stanton v. Astrue*, 617 F. Supp. 2d 1205, 1220 (M.D. Fla. 2008). Accordingly, the Appeals Council did not err in failing to accord Dr. Myers' opinion controlling weight.

As to the Appeals Council's failure to make specific findings regarding Dr. Myers' form opinion, this court considered and rejected an identical argument posited by Claimant in *King v. Barnhart*, 415 F. Supp. 2d 607 (E.D.N.C. 2005). In *King*, the court explained "a *per se* rule that remand is necessary in all cases where the Appeals Council admits new evidence without a detailed assessment . . . is not supported [by] either [] 20 C.F.R. § 404.970 or [] Fourth Circuit precedent." *Id.* at 611 n.1. Rather, the court held that where new evidence is submitted to the Appeals Council and the Appeals Council does not make an independent evaluation, the proper course is to simply evaluate the record as a whole, including the new evidence, to determine whether there is substantial evidence to support the administrative decision. *Id.* at 610, 612; *see Wilkins v. Sec'y, Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (explaining where the Appeals Council incorporates
8

a claimant's alleged disability). However, "a 'treating source' can only be an 'acceptable medical source,' and a chiropractor, by regulation, is not an acceptable medical source." *Nickelson v. Astrue*, No.1:07CV00783, 2009 U.S. Dist. LEXIS 67355, at *26, 2009 WL 2243626, at *8 (M.D.N.C. July 27, 2009) (internal citations omitted); 20 C.F.R. §§ 404.1502, 416.902 (explaining "acceptable medical source" includes treating, nontreating and nonexamining sources and defining "treating source" as a claimant's "physician, psychologist, or other acceptable medical source"); 20 C.F.R. §§ 404.1513(a), 416.913(a) (defining "acceptable medical source" as licensed physicians, psychologists, optometrists, podiatrists and qualified speech-language pathologists). Rather, a chiropractor is classified as an "other source," 20 C.F.R. §§ 404.1513(d)(3), 416.913(d)(3), "whose opinion is not entitled to special deference or weight." *Stanton v. Astrue*, 617 F. Supp. 2d 1205, 1220 (M.D. Fla. 2008). Accordingly, the Appeals Council did not err in failing to accord Dr. Myers' opinion controlling weight.

As to the Appeals Council's failure to make specific findings regarding Dr. Myers' form opinion, this court considered and rejected an identical argument posited by Claimant in *King v. Barnhart*, 415 F. Supp. 2d 607 (E.D.N.C. 2005). In *King*, the court explained "a *per se* rule that remand is necessary in all cases where the Appeals Council admits new evidence without a detailed assessment . . . is not supported [by] either [] 20 C.F.R. § 404.970 or [] Fourth Circuit precedent." *Id.* at 611 n.1. Rather, the court held that where new evidence is submitted to the Appeals Council and the Appeals Council does not make an independent evaluation, the proper course is to simply evaluate the record as a whole, including the new evidence, to determine whether there is substantial evidence to support the administrative decision. *Id.* at 610, 612; *see Wilkins v. Sec'y, Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (explaining where the Appeals Council incorporates

additional evidence into the administrative record, the reviewing court must "review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the [ALJ's] findings").

Nevertheless, Claimant cites *Myers v. Califano*, 611 F.2d 980, 983 (4th Cir. 1980) for the proposition that the Appeals Council's failure to make specific findings regarding newly submitted evidence is reversible error. Pl.'s Mem. at 13. In *Myers*, the claimant submitted psychiatric and chiropractic reports to the Appeals Council. As in the instant matter, the Appeals Council acknowledged receipt of the new evidence but did not provide a written evaluation thereof. *See Myers*, 611 F.2d at 983. The Fourth Circuit noted the chiropractic report was duplicative of other evidence and thus required no further consideration. *Id.* The psychiatric report, however, presented new and material evidence; thus, the court found the failure to make specific findings a basis for remand. *Id.* This court finds that *King* is consistent with *Myers*. If additional evidence is deemed immaterial by the reviewing court, "no further scrutiny" is required. *Myers*, 611 F.2d at 983. However, if the additional evidence is material, the reviewing court must remand the case for further proceedings. *See Mauzy v. Astrue*, No. 2:08-CV-75, 2009 U.S. Dist. LEXIS 126390, at *45-48, 2009 WL 6326840, at *17-18 (N.D. W. Va. June 12, 2009), overruled on other grounds, 2010 U.S. Dist. LEXIS 31386, 2010 WL 1369107 (Mar. 30, 2010) (providing summary of Fourth Circuit law regarding the review of additional evidence received by the Appeals Council and concluding "*King* has properly viewed the issue in accord with Fourth Circuit precedent").

The court now turns to the evaluation of Dr. Myers' December 2008 evaluation. Although the Appeals Council discounted Dr. Myers' opinion (R. 1), the court must review this evidence in determining whether substantial evidence supports the ALJ's findings. *See Wilkins*, 953 F.2d at 96.

Claimant bears the burden of demonstrating that the additional evidence is (1) new, i.e., not duplicative or cumulative of that which is already in the record, (2) material, i.e., would have changed the outcome of the ALJ's decision; and (3) relates to the claimant's medical condition as it existed at the time of the hearing. 20 C.F.R. §§ 404.970(b), 416.1470(b); *see Wilkins*, 953 F.2d at 96 (citations omitted); *see also Eason v. Astrue*, No. 2:07-CV-00030-FL, 2008 U.S. Dist. LEXIS 66820, at *8, 2008 WL 4108084, at *3 (E.D.N.C. Aug. 29, 2008) (citing *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)). In this case, the relevant time period extends from 19 October 2007 (Claimant's alleged disability onset date) to 13 March 2009 (the date of the ALJ's decision).

In the form opinion, Dr. Myers indicates that Claimant can stand at one time for thirty minutes only, can work an eight-hour work day if seated and can never lift, bend or stoop. (R. 167). While Dr. Myers is neither a medical expert nor an "acceptable medical source," *see* 20 C.F.R. §§ 404.1513(a), 416.913(a), as a chiropractor, his opinion "may provide insight into the severity of Claimant's impairment and how it affects Claimant's ability to function." S.S.R. 06-03p, 2006 SSR LEXIS 4, at *5, 2006 WL 2329939, at *2. The court finds that even if afforded its appropriate consideration, Dr. Myers' opinion would not have changed the outcome of the ALJ's decision. Dr. Myers' assessment that Claimant's back pain is "[m]ild to [m]oderate" and is capable of working eight hours per day comports with information already in the record. Indeed, as the ALJ noted, Claimant had not required aggressive measures for symptom relief such as application of a TENS unit or referral to a pain clinic and was offered an exercise program to assist with symptoms of scoliosis. (R. 15, 337). As for Dr. Myers' opinions regarding Claimant's alleged inability to lift, bend or stoop, no medical records are cited to corroborate such assessments. Indeed, Dr. Myers' own progress notes do not address functional limitations and in fact, generally indicate that

10

Claimant's pain improved over the course of her treatment with Dr. Myers. (R. 397-403); *see Craig*, 76 F.3d at 590 (stating a medical opinion should be accorded significantly less weight if it is not supported by clinical evidence); 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion."). Moreover, such functional limitations conflict with other record evidence. For example, upon presenting to the emergency room for back pain on 12 March 2008, Claimant was instructed to not bend, stoop or engage in prolonged sitting for seven days only. (R. 13, 230). The medical records do not indicate such limitations beyond those seven days. Indeed, an October 2008 evaluation by Cary Idler, M.D., an orthopaedic specialist, diagnosed Claimant with scoliosis but noted Claimant could squat to the floor. (R. 336). Dr. Idler also suggested an exercise program to improve some of Claimant's symptoms. *Id.* When Dr. Idler offered trigger point injections to alleviate Claimant's back spasms, Claimant declined, stating she was more concerned about her right arm. *Id.* Accordingly, the court finds the additional evidence immaterial as it would not have changed the outcome of the ALJ's decision.

## II. The ALJ erred in failing to discuss Medicaid's determination of disability.

Claimant contends the ALJ erred in failing to discuss the 15 May 2008 decision of the North Carolina Department of Health and Human Services ("NCDHHS") finding Claimant eligible for Medicaid benefits. Pl.'s Mem. at 16; (R. 160) This court agrees.

The regulations governing the Social Security Administration's ("SSA") disability determinations provide that "[a] decision by . . . any other governmental agency about whether you are disabled . . . is based on its rules. . . . We must make a disability . . . determination based on

social security law. Therefore, a determination made by another agency that you are disabled . . . is not binding on us." 20 C.F.R. §§ 404.1504, 416.904. Nevertheless, another governmental agency's decision that a claimant is disabled is "evidence" that must be considered by the SSA. *See* 20 C.F.R. §§ 404.1512(b)(5), 416.912(b)(5); S.S.R. 06-03p, 2006 SSR LEXIS 5, 2006 WL 2329939. Moreover, "the adjudicator should explain the consideration given to [decisions by other agencies] in the notice of decision for hearing cases . . . ." S.S.R. 06-03p, 2006 SSR LEXIS at *15, 2006 WL 2329939, at *7; *see Owens v. Barnhart*, 444 F. Supp. 2d 485, 492 (D.S.C. 2006) (noting that the ALJ is not bound by another government agency's decision, but "should be required to provide sufficient articulation of his reasons for [rejecting the decision] to allow for a meaningful review by the courts").

Defendant implies the ALJ's failure to refer to the NCDHHS ruling is harmless, arguing "it would be an absurdity to hold" that the ALJ must consider it in his decision. Def.'s Mem. Supp. Def.'s Mot. J. Pleadings at 19. However, this court has specifically dismissed such an argument. *See Watson v. Astrue*, 5:08-CV-553-FL, 2009 U.S. Dist. LEXIS 68833, at *7, 2009 WL 2423967, at *3 (E.D.N.C. Aug. 6, 2009) (holding "ALJ's failure to refer to the state Medicaid decision in his ruling cannot be considered harmless error"). In this case, "the ALJ said nothing, and [S.S.R. 06-3p] requires more than 'nothing.'" *Walton v. Astrue*, No. 7:09-CV-112-D, 2010 U.S. Dist. LEXIS 68265, at *3, 2010 WL 2772498, at *1 (E.D.N.C. July 9, 2010). Accordingly, this case should be remanded to permit the ALJ to consider the NCDHHS decision and state what weight, if any, the decision played in the ALJ's analysis. Because the court finds that remand as to this issue is appropriate, it does not reach the remaining assignments of error raised by Claimant.

## **CONCLUSION**

For the reasons stated above, this Court RECOMMENDS Claimant's Motion for Judgment on the Pleadings be GRANTED, Defendant's Motion for Judgment on the Pleadings be DENIED and the case be REMANDED to the Commissioner for further proceedings consistent with the Memorandum and Recommendation.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days upon receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 19th day of July, 2010.

Robert B. Jones, Jr.
United States Magistrate Judge