IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-432-FL

| | | |
|---|---|---|
| BRENDA R. ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings (DE ## 32, 36). Pursuant to 28 U.S.C § 636(b)(1), United States Magistrate Judge Robert B. Jones entered a memorandum and recommendation ("M&R") wherein he recommended that the court grant plaintiff's motion, deny defendant's motion, and remand to the Commissioner of Social Security ("Commissioner"). Defendant timely filed objections to the M&R on August 5, 2010, to which plaintiff responded on August 18, 2010. Defendant filed a reply on August 30, 2010. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendations of the magistrate judge and grants plaintiff's motion for judgment on the pleadings (DE #32) and denies defendant's motion for judgment on the pleadings (DE #36). This matter is remanded to the Commissioner for proceedings consistent with this order and the M&R.

## STATEMENT OF THE CASE

Plaintiff filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") on October 30, 2007, alleging a disability onset date of October 19, 2007. The applications were denied initially and upon reconsideration. On January 28, 2009, a hearing was

held before the Administrative Law Judge ("ALJ"). At this hearing, plaintiff was represented by counsel and a vocational expert appeared and testified. On March 13, 2009, the ALJ issued a decision denying plaintiff's request for benefits. Plaintiff then requested a review of the ALJ's decision by the Appeals Council, and submitted additional evidence as part of her request. The Appeals Council took the additional evidence into the record but denied plaintiff's request for review on July 28, 2009. The ALJ's decision thus became the final decision of the Commissioner.

On September 30, 2009, plaintiff appeared before this court seeking leave to proceed *in forma pauperis* in her action seeking review of the Commissioner's decision. On October 6, 2009, the court granted plaintiff's *in forma pauperis* request, and plaintiff's complaint was filed. Defendant answered on December 15, 2009. Plaintiff moved for judgment on the pleadings on March 16, 2010. Defendant moved for judgment on the pleadings on June 11, 2010. The matter was referred to the magistrate judge, who entered his M&R on July 19, 2010. Defendant filed objections to the M&R on August 5, 2010, to which plaintiff responded on August 18, 2010. Defendant filed a reply on August 30, 2010.

**DISCUSSION**

A.  Standard of Review

The court may "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court is obligated to make *de novo* determinations of those portions of the M&R to which specific objections

2

have been filed. Id.

This court is authorized under 42 U.S.C. § 405(g) to review the Commissioner's denial of benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but ... less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing for substantial evidence, the court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations omitted). Rather, in conducting the substantial evidence inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439 (4th Cir. 1997). With these principles in mind, and having benefit of the magistrate judge's thoughtful analysis, the court turns to the arguments at hand.

B.  Analysis

Plaintiff alleged seven grounds for error in her motion for judgment on the pleadings. The magistrate judge reached only two of plaintiff's arguments in the M&R, finding remand appropriate on the second. In addressing plaintiff's fifth assignment of error raised in plaintiff's motion for judgment on the pleadings, the magistrate judge decided in favor of plaintiff and determined that remand was appropriate based on the ALJ's failure to discuss a disability decision by another governmental agency. Specifically, the magistrate judge found that it was error for the ALJ to ignore

3

the May 15, 2008 decision of the North Carolina Department of Health and Human Services ("NCDHHS") finding plaintiff disabled and eligible for Medicaid benefits. Defendant objects to the magistrate judge's recommendation that the court remand on these grounds. For the reasons that follow, the court overrules defendant's objection and adopts the recommendations of the magistrate judge.

Plaintiff argues the ALJ erred in failing to address the NCDHHS decision finding plaintiff disabled and eligible for Medicaid benefits. The regulations provide that decisions by other governmental or nongovernmental agencies as to whether someone is disabled are not binding on the Social Security Administration. 20 C.F.R. § 404.1504. Nonetheless, such decisions constitute evidence that must be considered. A recent Social Security Ruling states that "we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies." SSR 06-03p, 2006 WL 2329939 at *6 (internal citations omitted). Accordingly, "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." Id. In doing so, "the adjudicator should explain the consideration given [to decisions by other agencies]." Id.; see also DeLoatche v. Heckler, 715 F.2d 148, 150 n. 1 (4th Cir. 1983) (stating "the disability determination of a state agency is entitled to consideration by the Secretary"); Owens v. Barnhart, 444 F. Supp. 2d 485, 492 (D.S.C. 2006) (explaining that the ALJ should be "required to provide sufficient articulation of his reasons for [rejecting the decision] to allow for a meaningful review by the courts").

Plaintiff's Notice of Approval of Medicaid from the NCDHHS was evidence of record. On May 15, 2008, Hearing Officer Arlene Pope issued a Notice of Decision, finding that plaintiff met

the requirements for eligibility. (R. 160) Plaintiff was therefore certified for medical assistance (Medicaid) benefits. The ALJ did not discuss this opinion by another governmental agency regarding plaintiff's disability as required. Although the NCDHHS decision is not binding on the Social Security Administration, it is nevertheless evidence that "cannot be ignored and must be considered." S.S.R. 06-03p at *6. Not only did the ALJ not "explain the consideration given" to the state Medicaid decision in his ruling, he neglected to mention it entirely and committed error in doing so.

Defendant argues in his objection that remand is nevertheless inappropriate in this case because the error committed by the ALJ was harmless. Defendant argues that the magistrate judge applied a "rigid rule that an ALJ's failure to discuss another agency's disability determination is per se grounds for a remand" which is, defendant argues, contrary to recent Supreme Court precedent. At issue in the recent decision in Shinseki v. Sanders was a provision of the Veterans Claims Assistance Act of 2000 ("VCAA") requiring the Secretary of Veterans Affairs ("Secretary") to provide notice to veterans applying for disability benefits if additional evidence is required to substantiate their claims. ___ U.S. ___, 129 S.Ct. 1696, 1701 (2009). The Court held that it was improper for a reviewing court to apply a rigid presumption that the Secretary's failure to exercise strict adherence to the statutorily mandated notice requirement was prejudicial to the claimant. Id. at 1704-06. The Court explained that the party attacking the agency's decision bears the burden of establishing that the alleged error was prejudicial. Id. This holding, defendant argues, requires a reviewing court to conduct a harmless error analysis for all federal administrative decisions.

There is no consensus among the lower courts as to whether the holding in Shinseki applies outside of the context of the Court of Appeals for Veterans Claims and extends to Social Security

5

cases. The Fourth Circuit has yet to rule on the question. The court finds, however, that it is unnecessary to take up and consider the matter because the error cannot be said to be harmless and so remand is the appropriate course in any event.

The ALJ neglected to consider a determination of disability by another governmental agency in violation of the regulations governing Social Security cases. See S.S.R. 06-03p 2006 WL 2329939 at *6-7. Defendant argues that "it would be an absurdity to hold" that the ALJ must consider the NCDHHS decision finding plaintiff disabled and eligible for Medicaid benefits, arguing that the opinion contains "no substance." The regulations governing Social Security cases, however, do not limit the required review of other agency's disability determinations to cases where the decision is "substantive." Rather, findings by other governmental agencies "cannot be ignored and must be considered," and the ALJ must "explain the consideration given to these decisions." S.S.R. 06-03p at *6-7. Such consideration and explanation is markedly absent from the ALJ's analysis in this case.

Moreover, as observed by plaintiff in her response to defendant's objection to the M&R, Medicaid decisions employ the same standards as the Social Security Administration uses in disability determinations. The Medicaid ruling itself states that "the Medicaid Eligibility Manual requires that an applicant meet the Supplemental Security Income Standards found at 20 C.F.R. § 416 in order to be eligible for Aid to the Disabled-Medical Assistance." (R. 160) Applying those standards, the NCDHHS found that plaintiff was disabled and eligible for Medicaid benefits. Although the Social Security Administration is not bound by a determination of disability rendered by another agency, 20 C.F.R. § 404.1504, the NCDHHS decision in this case is at least probative as that agency applied the same rules yet reached the opposite result.

6

Decisions by other agencies as to the disability status of a Social Security applicant are considered so probative that the ALJ is required to examine them in determining an applicant's eligibility for benefits. "These decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by these agencies based on their rules." S.S.R. 06-03p at *7. These decisions therefore "cannot be ignored and must be considered." Id. In this case, the ALJ failed to consider the NCDHHS Medicaid Ruling as required. The courts of this district have long determined that remand is appropriate in such cases. See, e.g., Walton v. Astrue, No. 7:09-CV-112-D, 2010 WL 2772498 (E.D.N.C. July 9, 2010) (remanding and noting that "the ALJ said nothing, and SSR-06-03p requires more than 'nothing.'"); Watson v. Astrue, No. 5:08-CV-553-FL, 2009 WL 2423967 (E.D.N.C., Aug. 6, 2009) (remanding where ALJ neglected entirely to mention Medicaid decision in his ruling); Bridgeman v. Astrue, 2008 WL 1803619 *10 (E.D.N.C. Apr. 21, 2008) (remanding, where ALJ mentioned Medicaid Ruling but dismissed its relevance, for further explanation from ALJ as to why he did not give the decision any weight).

The court therefore concludes, consistent with district precedent, that remand is appropriate to permit the ALJ to consider the NCDHHS decision and state what weight, if any, the decision played in the ALJ's analysis. The court offers no view on the matter.

## CONCLUSION

Finding no clear error and upon a *de novo* review of that portion of the M&R to which defendant objected, the court adopts the M&R in its entirety. Accordingly, plaintiff's motion for judgment on the pleadings (DE # 32) is GRANTED, defendant's motion for judgment on the pleadings (DE #36) is DENIED, and this matter is REMANDED to the Commissioner for

proceedings consistent with this order and the M&R. The clerk is directed to close the case.

SO ORDERED, this the 5th day of November, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

8