THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-432-FL

| | |
|---|---|
| BRENDA R. ALEXANDER, ) | |
| ) | |
| Plaintiff/Claimant, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before this court on the motion of Plaintiff Brenda R. Alexander ("Plaintiff") for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [DE-48]. Plaintiff seeks $15,996.10 in fees and costs for the work of her counsel in her instant appeal. *Id.* The Commissioner of Social Security ("Commissioner") has challenged Plaintiff's entitlement to an award and, alternatively, the amount of fees and costs sought by Plaintiff. [DE-49]. The matter is fully briefed and ripe for review. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c). For the reasons set forth below, this court recommends that Plaintiff's motion for attorney's fees and expenses be denied.

## I. BACKGROUND

In the underlying litigation, Plaintiff challenged the final decision of the Commissioner denying her application for a period of disability, Disability Insurance Benefits ("DIB") and Supplement Security Income ("SSI") payments. Plaintiff filed an application for a period of

disability, DIB and SSI on 30 October 2007, alleging disability beginning 19 October 2007. Her claim was denied initially and upon reconsideration. A hearing before the Administrative Law Judge ("ALJ") was held on 28 January 2009. On 13 March 2009, the ALJ issued a decision denying Plaintiff's request for benefits. On 28 July 2009, the Appeals Council denied Plaintiff's request for review. Plaintiff then filed a complaint in federal court seeking review of a final administrative decision.

On 5 November 2010, the district court adopted the Memorandum and Recommendation ("M&R") of the undersigned and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings to permit the ALJ to explain the weight, if any, the decision of the North Carolina Department of Health and Human Services ("NCDHHS") finding Claimant eligible for Medicaid benefits ("Medicaid decision") played in the ALJ's analysis.[1] [DE-42]; *Alexander v. Astrue*, No. 5:09-CV-432-FL, 2010 U.S. Dist. LEXIS 117955, at *11, 2010 WL 4668312, at *4 (E.D.N.C. Nov. 5, 2010). On 8 November 2010, the court's judgment was entered [DE-43] and on 2 December 2010 [DE-45], the Commissioner filed a motion to alter judgment [DE-44]. On 14 January 2011, the court denied the Commissioner's motion. [DE-47]. On 14 March 2011, Claimant filed the instant motion [DE-48] to which the Commissioner responded [DE-49] on 1 April 2011.

---

[1] On 15 May 2008, NCDHHS found Claimant eligible for Medicaid benefits. [DE-22 at 37]. In explaining his residual functional capacity finding, the ALJ stated he had considered the entire record, including "opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527 and 416.927 and SSR[] . . . 06-3p;" however, the decision did not expressly acknowledge the NCDHHS decision. ALJ Hr'g Decision [DE-17 at 12].

## II. THE EQUAL ACCESS TO JUSTICE ACT

Plaintiff argues the Commissioner's position in defending his decision to deny Plaintiff benefits was not substantially justified. Pl.'s Appl. Att'y Fees ¶ 16 ("Pl.'s Appl."). In support of her argument, Plaintiff states only that "the lack of substantial justification in the litigation action . . . is demonstrated by this [c]ourt's Remand Order reversing the Commissioner's decision . . . and remanding the case to the Commissioner for further proceedings." *Id.* ¶ 17. In response, the Commissioner argues that his position in this action was substantially justified in light of the United States Supreme Court's decision in *Shinseki v. Sanders*, __ U.S. __, 129 S. Ct. 1696 (2009) and the lack of binding Fourth Circuit precedent as to whether a failure to discuss another agency's disability determination in accordance with Social Security Ruling 06-03p constitutes reversible error. Def.'s Opp'n Pl.'s Appl. Atty's Fees at 5 ("Def.'s Opp'n").

Under the EAJA, a private litigant, as a prevailing party against the United States, is presumptively entitled to attorney's fees and costs unless the position of the United States was substantially justified or special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *accord Hyatt v. Barnhart*, 315 F.3d 239, 244 (4th Cir. 2002). The EAJA's applicability to social security appeals before the district court is well established. *See Guthrie v. Schweiker*, 718 F.2d 104, 107 (4th Cir. 1988). Pursuant to 28 U.S.C. § 2412(d)(1)(B), a fee application must be filed within thirty days of a court's final judgment[2] and must satisfy the

---

[2] The thirty-day filing period under the EAJA begins to run after the court judgment affirming, modifying, or reversing the administrative decision is entered and the period for appealing the judgment has run, so that the judgment is no longer appealable. *See* 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G); *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)). In civil cases to which a federal officer is a party, the time for appeal ends 60 days after the entry of judgment. FED. R. APP. P. 4(a)(1)(B). "Therefore, EAJA applications must generally be filed within 90 days of judgment being entered by a district court." *Singleton v. Apfel*, 231 F.3d 853, 855 (11th Cir. 2000) (citing *Schaefer*, 509 U.S. at 302).

3

Case 5:09-cv-00432-FL Document 50 Filed 06/15/11 Page 3 of 9

following requirements: (1) a showing that the applicant is a "prevailing party;"[3] (2) a statement of the amount sought, with an accompanying itemization; and (3) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi*, 541 U.S. 401, 405 (2004). The Commissioner's position encompasses both prelitigation and litigation conduct. *See Crawford v. Sullivan*, 935 F.2d 655, 657 (4th Cir. 1991); *see also Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138 (4th Cir. 1993) ("[I]t is clear that [through EAJA,] Congress intended to address governmental misconduct whether that conduct preceded litigation, compelling a private party to take legal action, or occurred in the context of an ongoing case through prosecution or defense of unreasonable positions."). In the present case, Plaintiff argues only that the Commissioner was not substantially justified in <u>defending</u> the ALJ's denial of benefits. Pl.'s Appl. ¶ 17.

---

[3] The Commissioner does not dispute that Plaintiff is a prevailing party under 28 U.S.C. § 2412. *See Schaefer*, 509 U.S. at 300-01 (explaining a party obtaining remand order pursuant to sentence four of § 405(g) satisfies the prevailing party threshold). This court assumes, without deciding, that Plaintiff is a "party" under the EAJA, having a net worth not exceeding $2 million when this civil action was filed, and is therefore eligible for a fee award. *See* 28 U.S.C. § 2412(d)(2)(B). Plaintiff has not submitted evidence or allegation as to her net worth in her fee application. *See Sosebee v. Astrue*, 494 F.3d 583, 588 (7th Cir. 2007) (court may consider an affidavit or other competent evidence in the record supporting a finding that applicant qualifies as a "party"); *Dixon v. Astrue*, No. 5:06-CV-77-JG, 2008 U.S. Dist. LEXIS 9903, at *6 n.2, 2008 WL 360989, at *2 n.2 (E.D.N.C. Feb. 8, 2008) (finding plaintiff satisfied eligibility requirement through her application to proceed *in forma pauperis* allowed by the court). However, the government does not contest her eligibility and the record demonstrates at least that at the time suit commenced, Plaintiff earned no income and relied solely on public assistance for financial support. [DE-1 at 1-2]; *see D'Amico v. Indus. Union of Marine & Shipbuilding Workers of Amer.*, 630 F. Supp. 919, 922-23 (D. Md. 1986) ("It appears more consistent with the purposes of the [EAJA] to find that while it is advisable that applicants for EAJA fees indicate in the application, by affidavit or allegation, that they are eligible to receive such fees, the applicant need not prove such eligibility until some objection to their eligibility is raised by the government."); *Shooting Star Ranch, LLC. v. United States*, 230 F.3d 1176, 1178 (10th Cir. 2000) ("*When challenged* as to the eligibility for an EAJA award, the party seeking such an award must do more than make a bare assertion that it meets the statutory criteria.") (emphasis added).

Although the EAJA does not define "substantial justification," the Supreme Court has defined the term to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The substantial justification framework examines "from the totality of the circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." *Roanoke River Basin Ass'n*, 991 F.2d at 139. This standard therefore evaluates the Commissioner's action to establish whether it had a reasonable basis in both law and fact, allowing for the conclusion that a "genuine dispute" exists between the parties. *Pierce*, 487 U.S. at 565. "In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). As identified by the First Circuit, additional "rules of analysis" have emerged with respect to the substantial justification determination:

(1) The mere fact that the government does not prevail is not dispositive on the issue of substantial justification.
(2) Conversely, that the government succeeded at some stage of the litigation does not by itself prove the requisite level of justification.
(3) Nonetheless, the legislative history of the EAJA indicates courts should look closely at cases where there was judgment on the pleadings or a directed verdict against the government or where an earlier suit by the government on the same claim had been dismissed.
(4) Whether one court agreed or disagreed with the government does not establish that the government's position was not substantially justified, but a string of court decisions going either way can be indicative.
(5) When the issue is a novel one on which there is little precedent, courts have been reluctant to find the government's position was not substantially justified.

5

*Schock*, 254 F.3d at 5-6 (citations omitted); *see Yurek v. Astrue*, No. 5:08-CV-500-FL, 2010 U.S. Dist. LEXIS 43692, at *8, 2010 WL 1779934, at *3 (E.D.N.C. May 3, 2010) ("The totality of circumstances includes any available objective indicia of whether defendant's position was reasonable, which includes 'view of other courts on the merits.'") (quoting *Pierce*, 487 U.S. at 568)); *but see United States SEC v. Zahareas*, 374 F.3d 624, 627 (8th Cir. 2004) ("[T]he mere fact that the government advances a novel argument does not automatically insulate it from EAJA liability"). The Commissioner bears the burden of proof in demonstrating that his position in the underlying litigation position was substantially justified. *See id.* However, the Commissioner does not carry the entire weight of this burden because the district court retains discretion to find *sua sponte* "that the record before it demonstrates that substantial justification exists for a litigation position." *Campbell v. Bowen*, 800 F.2d 1247, 1249 (4th Cir. 1986).

The Commissioner maintains he was substantially justified in defending the case because the law is unsettled as to whether the ALJ's failure to consider another agency's disability determination is harmless error. Def.'s Opp'n at 4. In support of this position, the Commissioner relies on the lack of Fourth Circuit precedent and the Supreme Court's decision in *Sanders*, which held that a party attacking an agency's decision bears the burden of showing that an agency error caused harm. *Sanders*, 129 S. Ct. at 1706.

This court agrees that the lack of Fourth Circuit precedent, along with the *Sanders* holding, weighs in the government's favor when analyzing the reasonableness of the government's litigation position. At issue in *Sanders* was a provision of the Veterans Claims Assistance Act of 2000 requiring the Secretary of Veterans Affairs ("the VA") to provide notice to veterans seeking disability benefits when additional evidence is needed to substantiate their

claims. *Sanders*, 129 S. Ct. at 1701 (citing 38 U.S.C. § 5103(a)). The Court held that it was improper for a reviewing court to apply a rigid presumption that the VA's failure to exercise strict adherence to the statutorily mandated notice provision was prejudicial to the claimant. *Id.* at 1704. In so holding, the Court emphasized its prior warning "against courts' [sic] determining whether an error is harmless through the use of mandatory presumptions and rigid rules rather than case-specific application of judgment, based upon examination of the record." *Id.* (citing *Kotteakos v. United States*, 328 U.S. 750, 760 (1946)).

While neither this district nor the Fourth Circuit has considered whether the harmless error analysis in *Sanders* applies to Social Security cases, the Commissioner reasonably believed *Sanders* affected district precedent. *See McLeod v. Astrue*, No. 09-35190, __ F.3d __, 2011 U.S. App. LEXIS 10526, at *13, 2011 WL 1886355, at *5 (9th Cir. May 19, 2011) (holding *Sanders* applies to Social Security cases as well as VA cases); *but see Sojourner v. Astrue*, No. 09-5662, 2010 U.S. Dist. LEXIS 109022, at *9, 2010 WL 4008558, at *3 (E.D. Pa. Oct. 12, 2010) (finding *Sanders* harmless error analysis not on point and noting the Court "specifically spoke to the Veterans Court and what type of harmless-error review that court should apply"). This court observes in *Sanders*, the Supreme Court noted that in agency cases, as in appellate review of civil cases, "the burden of showing an error is harmful normally falls upon the party attacking the agency's determination." *Id.* at 1706. In support of this statement, *Sanders* cited numerous cases, including *Nelson v. Apfel*, 131 F.3d 1228 (7th Cir. 1997), a Social Security case. The court observers further that numerous Social Security cases have cited *Sanders* in analyzing whether an error is harmless. *See e.g., Jimenez v. Astrue*, No. 09-6225, 385 Fed. Appx. 785, 788 (10th Cir. 2010); *Varwig v. Comm'r of Soc. Sec.*, No. 1:10 CV 0450, 2011 U.S. Dist. LEXIS

57831, at *24, 11 WL 2133814, at *9 (N.D. Ohio May 27, 2011); *Lutz v. Astrue*, No. 10-1268, 2011 U.S. Dist. LEXIS 36842, at *32, 2011 WL 1327646, at *11 (W.D. Pa. Apr. 5, 2011); *Gorsich v. Astrue*, No. 09-cv-355-JPG, 2011 U.S. Dist. LEXIS 21954, at *4, 2011 WL 833958, at *1 (S.D. Ill. Mar. 4, 2011); *Baron v. Astrue*, No. 6:09-cv-00035, 2010 U.S. Dist. LEXIS 103482, at *11, 2010 WL 3909926, at *4 (W.D. Va. Sept. 30, 2010). Furthermore, in discussing the harmless error doctrine, *Sanders* cited 28 U.S.C. § 2111, *see Sanders*, 129 S. Ct. at 1705, under which the harmless error rule applies to "any" case and limited an agency's burden of proving the absence of prejudice to criminal matters. *Id.* at 1706 (explaining "the party seeking to reverse the result of a civil proceeding will likely be in a position at least as good as, and often better than, the opposing party to explain how he has been hurt by an error" but noting "in criminal cases, the Government seeks to deprive an individual of his liberty, thereby providing a good reason to require the Government to explain why an error should not upset the trial court's determination"). The Commissioner's litigation position was thus well-grounded in law regarding the harmless error analysis.

Furthermore, the Commissioner's position was reasonable in fact. The NCDHHS decision was limited to the conclusion that Plaintiff was disabled under North Carolina law. While the NCDHHS decision was based on the same standards used in social security cases, "the absence of a written opinion and a defined [s]tate record make it virtually impossible for a reviewing ALJ to discern whether the federal standards under the Social Security Act and related regulations were actually applied." *Saunders v. Comm'r of Soc. Sec.*, No. 1:08-cv-1136, 2010 U.S. Dist. LEXIS 27526, at *26, 2010 WL 1132286, at *8 (W.D. Mich. Mar. 3, 2010). Furthermore, the same evidence cited by the Commissioner in arguing that the opinion of a

chiropractor would not have changed the outcome of the ALJ's decision – a position with which the court agreed – arguably undermines the NCDHHS finding.

Accordingly, the court finds that the Commissioner had a sound legal and factual basis for believing that the ALJ's failure to address the NCDHHS opinion was inconsequential and thus did not warrant remand. *See Kessler v. Astrue*, No. 1:08-cv-1126-SEB-DML, 2010 U.S. Dist. LEXIS 99999, at *3-4, 2010 WL 3853202, at *2 (S.D. Ind. Sept. 21, 2010) (finding the Commissioner was substantially justified in defending the ALJ's failure to discuss the weight given to a VA disability decision). The court therefore recommends denying Plaintiff's EAJA claim for attorney's fees.

### III. CONCLUSION

For the reasons stated above, this Court RECOMMENDS Plaintiff's motion be denied. The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days upon receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 15th day of June, 2011.

Robert B. Jones, Jr.
United States Magistrate Judge