IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-432-FL

| | | |
|---|---|---|
| BRENDA R. ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on plaintiff's motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (DE # 48). Defendant responded in opposition, and the motion was referred to United States Magistrate Judge Robert B. Jones, Jr. for memorandum and recommendation ("M&R") (DE # 50). The magistrate judge recommends plaintiff's motion be denied. Plaintiff timely objected to that recommendation, and defendant responded. In this posture, the issues raised now are ripe for adjudication. For the reasons that follow, the court adopts the M&R and denies plaintiff's EAJA motion.

### STATEMENT OF THE CASE

On October 6, 2009, plaintiff initiated this lawsuit pursuant to 42 U.S.C. § 405(g), challenging the Commissioner's denial of social security benefits. The parties' cross-motions for judgment on the pleadings were referred to the magistrate judge, who recommended that the court grant plaintiff's motion for judgment on the pleadings and remand the matter to the Commissioner. Upon a *de novo* consideration of defendant's objections, the court adopted the magistrate judge's

recommendation by order entered November 5, 2010. Defendant moved to alter the court's judgment, but that motion was denied by order entered January 14, 2011.

On March 14, 2011, plaintiff filed this motion for fees and costs under the EAJA, arguing that defendant's position was not "substantially justified." On April 1, 2011, defendant responded in opposition. The matter was referred to the magistrate judge, who recommended denying plaintiff's motion in his M&R dated June 15, 2011. Plaintiff timely objected, arguing that the Commissioner's decisions were substantially unjustified at all levels of these proceedings, including at the agency level. Defendant responded in opposition, urging the court to adopt the magistrate judge's findings and conclusions.

This court reviews *de novo* those portions of the M&R to which objections have been filed, and reviews only for clear error those portions to which no objection has been filed. See 28 U.S.C. § 626(b); Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

A.  Standard of Review

In a civil action brought by or against the United States, including proceedings for judicial review of an agency action, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also Guthrie v. Schweiker, 718 F.2d 104, 107-08 (4th Cir. 1983) (holding that the EAJA applies to cases seeking district court review of social security benefits decisions). "The party seeking fees bears the burden of proving that it was the prevailing party. The government, however, bears the burden of showing that its position was

2

substantially justified." Reich v. Walter W. King Plumbing & Heating Contractor, Inc., 98 F.3d 147, 150-51 (4th Cir. 1996) (citing Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992)).

B. Analysis

Because defendant concedes that plaintiff is a "prevailing party" under the EAJA, the court need only decide whether defendant's position was substantially justified. Defendant's "position" includes both the agency level determination and the Commissioner's defense of that agency decision upon review by this court. See Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991) (citing I.N.S. v. Jean, 496 U.S. 154, 159 (1990)). A position is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person" – meaning, in other words, that "reasonable people could differ as to the appropriateness of the contested action." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (alterations omitted). Whether or not the government's position was substantially justified, the court will not award fees under the EAJA (1) if it concludes that the government should not be "deterred from advancing in good faith the novel but credible extensions and interpretations of law" or (2) where "equitable considerations dictate [that] an award should not be made." Nken v. Holder, 385 F. App'x 299, 302 (4th Cir. 2010) (quoting H.R. Rep. No. 96-1418, at 11 (1980)).

"To determine whether the [g]overnment's position was substantially justified, [the court] consider[s] 'all aspects of the civil action,'" Cody v. Caterisano, 631 F.3d 136, 141 (4th Cir. 2011) (quoting Jean, 496 U.S. at 161), and treats the government's conduct in the case as "an inclusive whole," Jean, 496 U.S. at 161-62. Rather than performing "an issue-by-issue analysis of the government's posture throughout each phase of the litigation," the court must "determine, from the totality of the circumstances, whether the government acted reasonably in causing the litigation or

in taking a stance during the litigation." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 138-39 (4th Cir. 1993). In so doing, the court "look[s] beyond the issue on which the petitioner prevailed." Id. at 139.

Upon review of the entire record, the court has little trouble concluding that the government's position throughout these proceedings has been substantially justified. The ALJ's analysis below was without error, save for his failure to discuss a disability decision by another agency.[1] Although the court remanded this matter for further agency proceedings on this issue, whether a remand is proper under such circumstances is unsettled in this circuit. Compare Walton v. Astrue, No. 7:09-CV-112-D, 2010 WL 2772498, at *1 (E.D.N.C. July 9, 2010) (interpreting SSR 06-3p as requiring an ALJ to other agency's disability determination) with Smith v. Comm'r of Soc. Sec., No. 4:09cv80, 2010 WL 1640271, at *3-*4 (E.D. Va. Apr. 22, 2010) (concluding that SSR 06-3p does not require an ALJ to discuss his consideration of evidence). Although the court rejected this argument, it is reasonable to suggest that the ALJ is required to do no more than consider the disability decision of another agency, without explicitly discussing it.

Defendant's alternative argument for upholding the ALJ's determination, based upon the harmless error analysis set forth by the Supreme Court in Shinseki v. Sanders, 556 U.S. 396 (2009), was also a reasonable attempt to extend existing law in the face of uncertain circuit precedent. In fact, after the court entered judgment in this case, the Fourth Circuit suggested in an unpublished opinion that Shinseki's harmless error analysis does apply to social security cases, as argued by

---

[1] Because the court concluded that the ALJ's failure to discuss the decision of the North Carolina Department of Health and Human Services required remand, it did not discuss plaintiff's other arguments in its order granting plaintiff's motion for judgment on the pleadings. Nevertheless, the court has again reviewed the ALJ's decision, and discerns no other error warranting remand.

4

defendant here. See Garner v. Astrue, No. 10-1743, 2011 WL 2451723, at *1 n.* (4th Cir. June 21, 2011) (unpublished). Although this court did not resolve that argument in plaintiff's case, concluding that the ALJ's failure in this case was prejudicial to plaintiff, it was reasonable for defendant to ask the court to uphold the ALJ's determination on harmless error grounds.

In short, the government's position in both the agency proceedings and in this federal litigation, viewed as an inclusive whole, was substantially justified. The ALJ's decisions were largely ground in law, and defendant's arguments before this court involved reasonable interpretations or extensions of existing law as to which reasonable people could differ. As the magistrate judge noted, the government's position was also reasonable in fact where other evidence of record could support a finding that plaintiff was not disabled. Because the government's position throughout this disability benefits action has been substantially justified, plaintiff is not entitled to attorneys' fees under the EAJA.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which objections have been filed, and for the reasons set forth above, the court ADOPTS the magistrate judge's findings and recommendation (DE # 50) as its own. Accordingly, plaintiff's motion for attorneys' fees and costs pursuant to the EAJA (DE # 48) is DENIED.

SO ORDERED, this the 12th day of June, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge